NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2587
_____

UNITED STATES OF AMERICA

v.

CARLOS RODRIGUEZ-NORIEGA,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 11-cr-00085-001)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2012
_____

Before: VANASKIE, ALDISERT and BARRY, Circuit Judges

(Opinion Filed: May 11, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

        Defendant Carlos Rodriguez-Noriega ("Rodriguez") pleaded guilty pursuant to a

plea agreement, waiving his right to appeal a sentence within or below an agreed-upon

guideline range.  The District Court sentenced Rodriguez within this range.

Notwithstanding his waiver, Rodriguez appealed. His counsel, J. Michael Farrell, has moved to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Third Circuit L.A.R. 109.2(a), asserting that there are no nonfrivolous issues on appeal. We will affirm the judgment of sentence and grant the motion to withdraw.

## I. BACKGROUND

An undercover investigation by the Drug Enforcement Agency resulted in Rodriguez's arrest and plea of guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. As part of the plea agreement, Rodriguez waived his right to appeal a sentence within or below the guideline range resulting from a total offense level of 25. He reserved the right to challenge the District Court's determination of his criminal history category.

On February 9, 2011, the District Court conducted a thorough plea colloquy with the assistance of an interpreter. It determined, among other things, that Rodriguez was not under the influence of drugs, alcohol, or a debilitating mental condition, and that he had reviewed the charges and plea agreement with counsel, aided by an interpreter. The Court advised Rodriguez that the stipulations in the plea agreement, as well as the sentencing guidelines, were not binding on the Court, and that he could be sentenced anywhere from the mandatory minimum of 5 years to the maximum sentence of 40 years. Finally, the Court informed Rodriguez that, by pleading guilty, he would lose important rights, and explained the waiver of his right to appeal. Rodriguez stated that he understood all of this and provided a factual basis for his plea. The Court accepted the

2

plea after finding that it was knowing and voluntary.

Sentencing took place on June 2, 2011. Defense counsel argued that Rodriguez was entitled to a downward adjustment of 2 levels under U.S.S.G. § 3B1.2(b) for his minor role in the offense, and to a downward variance for the same reason. Neither the plea agreement nor the PSR had mentioned § 3B1.2(b). In an abundance of caution, however, the District Court considered Rodriguez's argument for an adjustment under § 3B1.2(b) and a variance, denying both because Rodriguez was not merely a minor courier. Rather, the Court concluded, Rodriguez had an ongoing employment relationship with the main trafficker, he was aware of the scope of the conspiracy, he transported a substantial amount of drugs, and his presence at meetings made it appear that he was protecting the main trafficker. The Court ultimately agreed with the PSR's application of the safety valve provision of U.S.S.G. § 5C1.2 and with its calculation of the guideline range as 57 to 71 months, based on an offense level of 25 and criminal history category of I. After considering the 18 U.S.C. § 3553(a) factors, the Court stated that the case "cries out for a guideline sentence . . . [and] that anything other than a guideline sentence really does defeat all of the purposes of [§] 3553." (App. 127a). It then sentenced Rodriguez to 57 months' imprisonment and 5 years' supervised release—the bottom of the applicable range. This appeal followed.

II. ANALYSIS[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3

Under *Anders*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744; *see also* Third Circuit L.A.R. 109.2(a). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

With respect to the first requirement, counsel must "satisfy the court that [he] has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Id*. He need not address every possible claim but must at least make a "conscientious examination." *Id*. (internal quotation omitted). Regarding the second requirement, the Court should generally confine its independent review to those portions of the record identified by an adequate *Anders* brief.[2] *See id*. at 301. An appeal "is frivolous where none of the legal points are arguable on their merits." *Id*. (internal quotation omitted).

Counsel has satisfied his obligation by conscientiously reviewing the record for any appealable errors, finding none. He summarized the plea and sentencing hearings in detail, and concluded that the appellate waiver precludes any appeal. Even if it did not,

---

[2] Rodriguez did not file a *pro se* brief.

4

he continued, the sole possible issue—the District Court's rejection of Rodriguez's argument for a downward adjustment or variance based on his allegedly minor role in the conspiracy—lacks merit.

Our independent review confirms this conclusion. The District Court conducted a thorough plea allocution that complied with the requirements of Rule 11(b). *See United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006). The record supports its finding that Rodriguez's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. The Court explained to Rodriguez that, by pleading guilty, he would waive his right to appeal a sentence within the guideline range based on an offense level of 25. He replied that he understood. Rodriguez was sentenced within this guideline range. Moreover, because the Court applied a criminal history category of I, Rodriguez has no basis to challenge its determination of his criminal history category— the only other issue his waiver preserved for appeal. Finally, there are no "'unusual circumstances'" here that require invalidating the waiver to prevent a miscarriage of justice. *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008) (quoting *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)).

## IV. CONCLUSION

Because we find no arguable merit to the appeal, we will grant counsel's motion to withdraw and affirm the judgment of sentence. Under Third Circuit L.A.R. 109.2(b), the issues presented in this appeal lack legal merit for purposes of counsel filing a petition for a writ of certiorari to the Supreme Court of the United States.